WHATLEY, Judge.
 

 Federal Insurance Company appeals a declaratory judgment determining that coverage exists for a claim filed by Michael Schneck against its insured, Donovan Industries, Inc., for injuries he sustained while using an exercise ball sold by Donovan. We reverse because the trial court’s findings of undisputed fact support reformation of the parties’ commercial liability insurance policy based on mutual mistake to reflect that exercise balls were excluded from coverage.
 

 Donovan filed suit against Federal after Federal denied coverage of the Schneck claim based on an exclusion endorsement listing all exercise balls. Donovan’s complaint and Federal’s counterclaim included counts for declaratory relief, and both parties filed motions for summary judgment on the declaratory relief claims. Federal’s counterclaim included an alternative claim for reformation of the parties’ insurance policy. After hearing the parties’ summary judgment motions, the trial court entered an order granting Donovan’s motion, denying Federal’s, and entering a judgment declaring that the Schneck claim was covered by the insurance policy.
 

 The trial court found that the following facts were undisputed. Donovan appointed Baldwin Connelly, an insurance agency, as its exclusive agent to negotiate on Donovan’s behalf to procure commercial liability insurance. Federal was the second insurance company that David Carothers of Baldwin Connelly contacted on behalf of Donovan. Federal’s underwriter, Helen Cauthorn, asked Carothers for more information in light of the fact that there were two lawsuits pending against Donovan concerning the exercise balls. A few days later, Carothers advised Federal that he
 
 *814
 
 had talked to Donovan and was told that the balls had been removed from the market and quarantined, but if Federal was concerned with exposure, Donovan “was fíne with” excluding those products from coverage. On June 5, 2007, Cauthorn sent Carothers a proposal for commercial liability coverage that contained an exclusion endorsement for all exercise balls. Three days later, Carothers asked Cauthorn to bind coverage. At that point, Carothers believed that Donovan had a binding contract with Federal on the terms set forth in the June 5, 2007, proposal.
 

 The policy was issued on June 20, 2007. Although it contained the exclusion endorsement, the schedule of products to be excluded was, according to the trial court’s findings, “inadvertently left blank.” Caut-horn discovered the error, and on October 9, 2007, Federal issued a corrected exclusion endorsement. It mailed two copies of the corrected policy to Baldwin Connelly on October 12, 2007. Baldwin Connelly placed the policy in their files. Carothers did not review it at that time, and Donovan did not know about the corrected endorsement until after the Schneck claim was filed against it in July 2009. In June 2008, Carothers directed Federal to bind coverage pursuant to a renewal proposal that contained an exclusion endorsement for exercise balls. The renewal policy was issued in July 2008, and it listed exercise balls on the schedule of items excluded from coverage.
 

 The trial court found that the “terms of the corrected exclusion endorsement issued on October 9, 2007, are consistent with the terms of the coverage that Baldwin Connelly originally bound on June 8, 2007, and the corrected Exclusion Endorsement did not change the parties’ agreement with respect to the exclusion endorsement in any way.” The court also found that the renewal policy issued on July 2, 2008, contained the exercise ball exclusion. Nevertheless, the court concluded that the Schneck claim was covered because the original policy delivered to Donovan did not contain the exclusion, Donovan relied on the language of that policy, and, regardless of any mistake, Federal’s failure to notify both Baldwin Connelly and Donovan of the clerical error in the policy beyond merely mailing the policy to Baldwin Connelly was inexcusable conduct not entitling Federal to the equitable remedy of reformation.
 

 The trial court’s focus on how Federal notified Donovan of the clerical error was misplaced because the manner of notification did not change the court’s own undisputed finding of fact that the corrected exclusion endorsement did not alter the parties’ agreement to exclude exercise balls from coverage under the policy. Notably, Donovan has never disputed that it agreed to the exclusion, and the trial court made no finding of harm to Donovan when it found that Donovan relied on the policy that did not contain the exclusion. We daresay any reliance would have been unwarranted given the communication between Donovan’s agent and Federal regarding Federal’s unwillingness to cover the exercise balls and Donovan’s agreement to exclude the balls from coverage.
 
 See Auto-Owners Ins. Co. v. Yates,
 
 368 So.2d 634 (Fla. 2d DCA 1979) (holding that insured is bound by actions of its broker). Furthermore, Federal would have factored into the premium it charged Donovan the absence of any risk from the outstanding claims regarding the exercise balls causing injury.
 

 The trial court’s undisputed findings of fact present a textbook case for reformation of the parties’ contract based on mutual mistake.
 

 A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the
 
 *815
 
 true intention or agreement of the parties to the instrument. A mistake is mutual when the parties agree to one thing and then, due to either a scrivener’s error or
 
 inadvertence,
 
 express something different in the written instrument.
 

 The fact that one party drafts the document does not preclude reformation on the grounds of mutual mistake. The rationale for reformation is that a court sitting in equity does not alter the parties’ agreement, but allows the defective instrument to be corrected to reflect the true terms of the agreement the parties actually reached. Although ordinarily a writing will be looked to as the only expression of the parties’ intent, in a reformation action in equity, parol evidence is admissible to demonstrate that the true intent was other than as expressed in the writing.
 

 Circle Mortg. Corp. v. Kline,
 
 645 So.2d 75, 77-78 (Fla. 4th DCA 1994) (emphasis added) (citations omitted).
 

 Federal’s inclusion of a blank exclusion schedule in the original policy it sent to Donovan was a mutual mistake because it and Donovan, through its agent Baldwin Connelly, had agreed to the exclusion of the exercise balls from coverage. Indeed, Federal would have been entitled to reformation if it had not discovered the error in the policy until after the Schneck claim was filed. Consequently, Federal was entitled to reformation of the insurance policy as a matter of law.
 

 Accordingly, we reverse the declaratory judgment and remand for proceedings consistent with this opinion.
 

 NORTHCUTT and WALLACE, JJ„ Concur.